**BARGER et al. v. BAYLESS et al.**

Court of Appeals of Kentucky.

Feb. 12, 1954.

Will C. Hoskins, Hyden, for appellants.

A. E. Cornett, Hyden, for appellees.

CAMMACK, Justice.

This appeal is from a judgment of the Leslie Circuit Court declaring the appellees to be the owners in fee simple of the Levi Couch 50 acre land patent, No. 63,269, issued in 1890.

On September 3, 1911, Levi Couch conveyed to his daughter, the appellant Bertha Barger, the timber and mineral rights on a tract of land situated on Bob's Fork in Leslie County. On June 23, 1913, Levi Couch conveyed to Lucy A. Neild fee-simple title to his 50-acre land patent, No. 63,269. Bertha Barger claims her deed covers the timber and mineral rights in the Levi Couch patent that was conveyed to Lucy A. Neild. The portion of the deed relied upon by Bertha Barger follows:

"Bounded on the East by the lands of Kentucky Coal Lands Co., bounded on the South by the lands of Kentucky Coal Lands Co., bounded on the West by the lands of Jesse Couch, bounded on the North by the lands of James Estep."

A correct description of the bounds of the Levi Couch 50-acre land patent follows:

"Bounded on the East by the James S. Bowling 100 acre land patent, No. 35862, 1862, bounded on the South and Southeast by the lands of the Kentucky Coal Lands Co., bounded on the West and Southwest by the lands of Jesse Couch, bounded on the West and Northwest by the lands of the Emery Hensley 100 acre land patent, No. 61091, 1887, bounded on the North by the lands of Emery Hensley and James Estep."

The appellants offered the testimony of Frank Bowling, a surveyor with 25 years of experience, who said that he had located the land described in Bertha Barger's deed as the Levi Couch land patent, No. 63,269. He said also that the description in the deed was of the type usually given by a layman. The appellants offered additional testimony from residents who had lived in the vicinity of the land from 55 to 85 years, and who knew Levi Couch, to the effect that the land in question was the only land that Levi Couch owned.

The appellees introduced the testimony of John T. Fitzpatrick, a surveyor with 47 years of experience, who said that the land could not be located because it had no beginning point and the tract of land that the deed referred to is not on Bob's Fork. Other testimony for the appellees showed that the white oak timber was first cut in 1934, and that the other timber was cut at different intervals without any objections from the appellants.

The appellees contend that the appellants' deed did not convey the land in controversy and is void for uncertainty. The chancellor found that the deed from Levi Couch to Bertha Barger did not cover any part of the Levi Couch patent, No. 63,269.

We find ample evidence to support the chancellor. Therefore, we are not disposed to disturb his finding. CR 52.01.

Judgment affirmed.